**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GLENDA KAY PETERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-274-TLW |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Plaintiff Glenda Kay Peters seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 7). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**ISSUES**

Plaintiff argues: (1) that the Administrative Law Judge ("ALJ") failed to "adequately discuss the medical evidence of record," primarily by improperly handling the opinions of treating physician Dr. Scott Mays and several other examining physicians; and (2) that the ALJ failed to conduct a proper three-phase analysis of plaintiff's past relevant work under Winfrey v. Chater, 92 F.3d 1017, 1023-26 (10th Cir. 1996).

**STANDARD OF REVIEW**

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by

substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## ANALYSIS

### Treating Physician/Opinion Evidence

Plaintiff argues that the ALJ erred by "disregard[ing] the July and September 2011 opinions of [plaintiff's] treating physician Dr. Scott Mays," alleging his opinions are supported by other substantial evidence in the record, none of which the ALJ discussed. (Dkt. 17 at 4).

Ordinarily, a treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see also Hackett v. Barnhart, 395 F.3d at 1173-74 (citing Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003)). If the ALJ discounts or rejects a treating physician opinion, he is required to explain his reasoning for so doing. See Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987) (stating that an ALJ must give specific, legitimate reasons for disregarding a treating physician's opinion); Thomas v. Barnhart, 147 F. App'x 755, 760 (10th Cir. 2005) (holding that

an ALJ must give "adequate reasons" for rejecting an examining physician's opinion and adopting a non-examining physician's opinion).

The analysis of a treating physician's opinion is sequential. First, the ALJ must determine whether the opinion qualifies for "controlling weight," by determining whether it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and whether it is consistent with the other substantial evidence in the administrative record. Watkins, 350 F.3d at 1300. If the answer is "no" to the first part of the inquiry, then the analysis is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. Id. "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

However, even if the ALJ finds the treating physician's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the record, treating physician opinions are still entitled to deference and must be evaluated in reference to the factors enumerated in 20 C.F.R. § 404.1527. Those factors are as follows:

> (1) the length of the treating relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed, (3) the degree to which the physician's opinion is supported by relevant evidence, (4) consistency between the opinion and the record as a whole, (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins, 350 F.3d at 1301 (citing Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001)). The ALJ must give good reasons in his decision for the weight he ultimately assigns the opinion. Id. (citing 20 C.F.R. § 404.1527(c)(2)). The reasons must be of sufficient specificity to make clear to any subsequent reviewers the weight the adjudicator gave to the treating physician's opinion

and the reasons for that weight. See Andersen v. Astrue, 319 F. App'x 712, 717 (10th Cir. 2009) (unpublished).[1]

Here, the ALJ failed to analyze Dr. Mays' opinions at all, so there is no treating physician analysis for the Court to review. The Commissioner attempts to fill in the gaps of the ALJ's decision by noting that the ALJ mentioned some of Dr. Mays' treatment notes in his RFC discussion; however, this effort cannot cure the ALJ's error. (Dkt. 20 at 3).

On remand, the ALJ needs to perform a proper treating physician analysis of Dr. Mays' opinions. Since the ALJ did not properly weigh those opinions, the remaining physician opinions in the RFC may need to be revisited as well.

**Winfrey v. Chater Three-Phase Test for Demands of Past Relevant Work**

Plaintiff also argues that the ALJ failed to address the physical demands of her past relevant work by failing to address the "required amounts of reaching and upper extremity activity beyond lifting and carrying." (Dkt. 17 at 9). The Commissioner argues that the ALJ took testimony from the vocational expert regarding the demands of plaintiff's past relevant work and that the ALJ properly evaluated that evidence to make specific findings. (Dkt. 20). Further, the Commissioner contends that plaintiff's argument "relies on nothing but rank speculation based on her untrained opinion."[2] Id.

The Tenth Circuit has developed a three-phase test for assessing a claimant's ability to perform past relevant work. See Winfrey, 92 F.3d at 1023-25. First, the ALJ must make findings regarding the claimant's residual functional capacity ("RFC"). See id. at 1023. Second, the ALJ

---

[1] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

[2] Plaintiff also argues that the record contains neither a Work History Report nor any testimony by plaintiff of the reaching and/or upper extremity requirements of her past relevant work. (Dkt. 17 at 9-10). She is correct. (R. 55, 29-65).

4

must assess the mental and physical demands of the claimant's past relevant work. See id. at 1024. Third, the ALJ must make specific findings regarding the plaintiff's ability to perform his past relevant work based on the findings from phases one and two. See id. at 1025.

Phase two requires the ALJ to obtain "adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" Id. at 1024 (quoting SSR 82-62). With respect to mental limitations,

> care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.

SSR 82-62; Winfrey, 92 F.3d at 1024. The regulations provide that the ALJ can obtain this information from a number of sources, including the plaintiff, the testimony of a vocational expert, or the Dictionary of Occupational Titles. See 20 C.F.R. § 404.1560(b)(2).

In this case, the ALJ did not ask plaintiff any questions about the reaching demands of her past work as a production assembler, and the vocational expert asked only one question about the heaviest weight she lifted. (R. 55). The vocational expert testified only to the exertion and SVP levels of plaintiff's past relevant work. Id. Plaintiff's attorney noted an agency RFC, found at exhibit 11F, which states that plaintiff has "limited overhead lifting on the left and no repetitive work," but it is unclear whether or not the authoring doctor intended the restriction on repetitive work to be bilateral. (R. 491, 495). In response, the ALJ stated he would send an interrogatory to Dr. Marks-Snelling for clarification, but nothing further is in the record. (R. 64).

Thus, the ALJ had no evidence before him regarding the reaching demands of plaintiff's past work and it is impossible to determine whether or not the limitations imposed (i.e., that plaintiff can only occasionally reach above the head, to the front, and laterally with her left arm)

relate to plaintiff's such work. Therefore, this is remanded as well. On remand, the ALJ should ascertain the full physical demands of plaintiff's past relevant work.

As to the other issues raised by plaintiff, they may be reconsidered by the ALJ if necessary.

## **CONCLUSION**

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is **REVERSED and REMANDED** for further proceedings. Specifically, the ALJ should perform a proper treating physician analysis of Dr. Mays' opinion. Further, the ALJ should perform a proper <u>Winfrey</u> analysis at step four to determine if plaintiff is able to perform her past relevant work.

SO ORDERED this 30th day of September, 2016.

_____
T. Lane Wilson
United States Magistrate Judge